TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for defendant
Cavalry Portfolio Services, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SUSAN HOESLI,<br><br>    Plaintiff,<br><br>vs.<br><br>CAVALRY PORTFOLIO SERVICES, LLC,<br><br>    Defendant. | CASE NO.: CV09-9490 JHN MLGx<br><br>**ANSWER TO COMPLAINT** |

Defendant CAVALRY PORTFOLIO SERVICES, LLC ("Defendant") hereby submits the following Answer to the Complaint filed in this action by plaintiff SUSAN HOESLI ("Plaintiff"):

1.   In answering Paragraph 1 of the Complaint, Defendant admits that in Plaintiff's first cause of action, she alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2.   In answering Paragraph 2 of the Complaint, Defendant admits that in Plaintiff's second cause of action, she alleges violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3.   In answering Paragraph 3 of the Complaint, Defendant admits that Plaintiff alleges that jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), the contents of which are self-explanatory, and that supplemental jurisdiction exists over Plaintiff's state law claims. Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

4.   In answering Paragraph 4 of the Complaint, Defendant admits that it conducts interstate business with residents of the State of California, and that Plaintiff alleges that personal jurisdiction is established. Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

5.   In answering Paragraph 5 of the Complaint, Defendant admits that Plaintiff alleges that venue is proper pursuant to 28 U.S.C. 1391(b)(2). Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6.   Denied.

7.   Admitted, on information and belief.

8.   In answering Paragraph 8 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff incurred a financial

obligation primarily for personal, family or household purposes and therefore can neither admit nor deny whether the obligation qualifies as a "debt" as defined by 15 U.S.C. § 1692a(5) or whether Plaintiff qualifies as a "debtor" as defined by Cal. Civ. Code § 1788.2(h). Except as herein admitted, the remaining allegations of Paragraph 8 are denied.

9. In answering Paragraph 9 of the Complaint, Defendant admits that it has, at times, acted as a debt collector as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c). Defendant lacks sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household purposes and therefore can neither admit nor deny whether the obligation qualifies as a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f). Except as herein admitted, the remaining allegations of Paragraph 9 are denied.

10. In answering Paragraph 10 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to what Plaintiff means by "national company" and can therefore neither admit nor deny whether it is a "national company." Defendant admits that it maintains an office in Hawthorne, New York. Except as herein admitted, the remaining allegations of Paragraph 10 are denied.

11. In answering Paragraph 11 of the Complaint, Defendant lacks sufficient knowledge as to whether, and therefore can neither admit nor deny whether, it acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12. In answering Paragraph 12, Defendant admits that it has placed telephone calls in an attempt to collect the financial obligation at issue. Except as herein admitted, the remaining allegations of Paragraph 12 are denied.

1  13.   In answering Paragraph 13 of the Complaint, Defendant lacks
2  sufficient knowledge to form a belief as to whether its telephone number appears
3  as "blocked" when it telephones Plaintiff and on that basis, denies the allegation.
4  Except as herein admitted, the remaining allegations of Paragraph 13 are denied.

5  14.   Denied.

6  15.   Denied.

7  16.   Denied.

8  17.   In answering Paragraph 17 of the Complaint, Defendant avers that in
9  connection with its attempt to collect the obligation at issue, Defendant sent all
10 letters and disclosures required of it by law.  Except as herein admitted, the
11 remaining allegations of Paragraph 17 are denied.

12 18.   Denied.

13 19.   In answering Paragraph 19 of the Complaint, Defendant denies all
14 allegations therein and denies that Plaintiff is entitled to any relief requested.

15 20.   In answering Paragraph 20 of the Complaint, Defendant denies all
16 allegations therein and denies that Plaintiff is entitled to any relief requested.

17 21.   In answering Paragraph 21 of the Complaint, Defendant denies all
18 allegations therein and denies that Plaintiff is entitled to any relief requested.

19 22.   In answering Paragraph 22 of the Complaint, Defendant denies all
20 allegations therein and denies that Plaintiff is entitled to any relief requested.

21 23.   In answering Paragraph 23 of the Complaint, Defendant denies all
22 allegations therein and denies that Plaintiff is entitled to any relief requested.

23 24.   Defendant incorporates by reference paragraphs 1 through 23 above
24 as if fully set forth herein.

25 25.   Denied.

26 26.   In answering Paragraph 26 of the Complaint, Defendant denies all
27 allegations therein and denies that Plaintiff is entitled to any relief requested.

28

1  27. In answering Paragraph 27 of the Complaint, Defendant denies all allegations therein and denies that Plaintiff is entitled to any relief requested.

28. In answering Paragraph 28 of the Complaint, Defendant denies all allegations therein and denies that Plaintiff is entitled to any relief requested.

29. In answering Paragraph 29 of the Complaint, Defendant denies all allegations therein and denies that Plaintiff is entitled to any relief requested.

30. In answering Paragraph 30 of the Complaint, Defendant denies all allegations therein and denies that Plaintiff is entitled to any relief requested.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are, on information and belief, barred in whole or in part by the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

**(No Wilful Conduct)**

Defendant acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendant.

**SIXTH  AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff has waived her rights, if any, to recover the relief she seeks in the Complaint based upon her own conduct and admissions with respect to the financial obligation at issue.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Apportionment)**

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by

and contributed by persons other than Defendant. The liability, if any exists, of all defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of this Defendant should be reduced accordingly.

### NINTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

### TENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Set Off)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is, on information and belief, entitled to a setoff in the amount owed to Defendant on the unpaid account, including any recoverable interest and attorneys' fees.

//
//

# TWELFTH AFFIRMATIVE DEFENSE

## (First Amendment)

Defendant's conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed interpretation of the Rosenthal Act and FDCPA must be rejected as it would place an unreasonable restraint upon Defendant's First Amendment rights, thereby raising serious constitutional issues.

WHEREFORE, Defendant requests judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.

2. That Defendant recover from Plaintiff its costs according to proof.

3. That Defendant recover its attorneys' fees according to proof.

4. That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: March 5, 2010                    SIMMONDS & NARITA LLP
                                        TOMIO B. NARITA
                                        JEFFREY A. TOPOR


                                        By:  s/Tomio B. Narita
                                             Tomio B. Narita
                                             Attorneys for defendant
                                             Cavalry Portfolio Services, LLC

HOESLI V. CAVALRY PORTFOLIO SERVICES, LLC (CASE NO. CV09-9490 JHN MLGx)
ANSWER TO COMPLAINT                                                                8.